

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-26-2007

# Kumar v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2754

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Kumar v. Atty Gen USA" (2007). *2007 Decisions*. Paper 1739.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1739

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos.  05-2754/3753

HARVINDER KUMAR,

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

On Petitions for Review of Orders of the
Board of Immigration Appeals
(Agency No. A96-017-978)

Submitted under Third Circuit LAR 34.1(a)
on September 29, 2006

BEFORE: RENDELL, ROTH and GIBSON*, Circuit Judges

(Opinion filed:   January 26, 2007)

**O P I N I O N**

_____

*Honorable John R. Gibson, Senior Eighth Circuit Judge, sitting by designation

**ROTH**, <u>Circuit Judge</u>:

Harvinder Kumar petitions for review of the decision of the Board of Immigration Appeals (BIA) denying his second motion to reopen removal proceedings and his subsequent motion to reconsider. We will deny the petitions.

Kumar, a native and citizen of India, entered the United States on or about December 28, 2002, was detained at the Miami International Airport, and was subsequently transferred to the Elizabeth Detention Center in the custody of the Immigration and Naturalization Service (INS). In January 2003, the INS instigated removal proceedings against him. Represented by counsel, Kumar appeared before the Immigration Judge (IJ) on May 5, 2003, conceding removability and seeking relief from removal by filing applications for asylum, withholding of removal, and protection under the United Nations Convention Against Torture. The IJ denied Kumar's request for relief and ordered that he be removed from the United States. On September 5, 2003, the BIA affirmed the IJ's decision. Kumar failed to file an appeal with this Court.

On March 23, 2004, Kumar filed a motion to reopen the removal proceedings, which was denied by the BIA because it was filed outside the ninety day period set forth under 8 C.F.R. § 1003.2(c)(2). Furthermore, the BIA concluded that Kumar failed to establish "changed circumstances" in India that would exempt him from complying with the time limitation.

Kumar retained new counsel, who filed a second motion to reopen the removal

proceedings and to stay removal on April 28, 2005, nearly one year after the first motion was denied. In his motion, Kumar requested that his proceedings be reopened, notwithstanding the time limitation, because he was provided with ineffective assistance of counsel.[1] Attached to the motion was a copy of a letter sent to Kumar's former counsel, informing him of the allegations made against him and giving him the opportunity to respond. Also attached was Kumar's own declaration, which briefly stated his complaint against former counsel. Again, the BIA denied his motion, based on the statutory numerical bar under 8 C.F.R. § 1003.2(c)(2), which limits the appellant to a single motion to reopen. Furthermore, with respect to Kumar's claim of ineffective assistance of counsel, the BIA concluded that he failed to comply with the criteria set forth in Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988), and failed to exercise due diligence in pursuing his claim.

On June 17, 2005, Kumar filed with the BIA a motion to reconsider its prior decision to deny his second motion to reopen. Attached to this motion was a copy of Kumar's complaint against his former counsel, which was mailed to the Grievance Committee on June 16, 2005. Again, the BIA denied his motion, concluding that since the complaint was not mailed until well after the filing of his second motion to reopen, the BIA did not err in finding that Kumar did not comply with the requirements for a claim of ineffective assistance

_____

[1]In his second motion to reopen, Kumar also claimed that a lack of simultaneous translation affected his ability to participate in the removal proceedings. Kumar, however, has failed to raise this claim on appeal. Absent extraordinary circumstances, an appellant must present an argument in support of each issue raised on appeal or such issues are deemed waived. Lie v. Ashcroft, 396 F.3d 530, 532 (3d Cir. 2005). As such, we deem his appeal with respect to any translation issues waived.

3

of counsel. Furthermore, Kumar's motion to reconsider failed to address the BIA's previous finding that he did not exercise due diligence during the period he sought to be tolled.

Kumar filed timely petitions for review, in which he seeks relief from the denial of his second motion to reopen the removal proceedings and his motion to reconsider. These petitions were subsequently consolidated by this court.

We have jurisdiction to review final orders of the BIA under § 242(a) of the Immigration and Nationality Act, 8 U.S.C. § 1252. Denials of motions to reopen removal proceedings and motions to reconsider fall within the discretion of the BIA. 8 C.F.R. § 1003.2(a). Pursuant to section 1003.2(a), the BIA has discretion to deny such motions even if the movant has established a prima facie case for relief. Thus, we review the BIA's denial of Kumar's second motion to reopen and his motion for reconsideration for abuse of discretion. Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005). Under this standard, the BIA's decision will be upheld unless it was "arbitrary, irrational, or contrary to law." Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994).

In his petition for review, Kumar claims that the BIA abused its discretion by denying his motion to reopen and his motion to reconsider, as the time and numerical limitations were subject to equitable tolling on the basis of ineffective assistance of counsel. Indeed, we have held that such limitations on a motion to reopen may be equitably tolled where the movant was provided with ineffective assistance of counsel. Mahmood v. Gonzales, 427 F.3d 248, 251 (3d Cir. 2005). Before proceeding with a claim of ineffective assistance of counsel, however, an alien must comply with the procedural requirements set forth in Lozada. Under

4

the <u>Lozada</u> procedure, an alien must (1) provide an affidavit setting forth the agreement he established with former counsel, (2) inform former counsel of the allegations being made against him and give him an opportunity to respond, and (3) provide evidence that a complaint has been filed with the appropriate disciplinary authorities and, if no such complaint has been filed, the reasons therefor. <u>Lozada</u>, 19 I. & N. Dec. at 637. In addition to complying with the requirements of <u>Lozada</u>, an alien seeking equitable tolling due to ineffective assistance of counsel must also demonstrate the exercise of due diligence in pursuing his claim. <u>Mahmood</u>, 427 F.3d at 252.

In this instance, the BIA did not abuse its discretion in determining that Kumar did not comply with <u>Lozada</u> or exercise due diligence in pursuing his claim. It is true that Kumar attached to his second motion to reopen a declaration briefly setting forth the agreement he executed with former counsel and a copy of a letter sent to former counsel advising him of the allegations made against him. Kumar, however, failed to file a complaint with the appropriate grievance committee and, further, failed to provide the BIA with a reason for such failure, as required under <u>Lozada</u>.

The BIA further denied his second motion to reopen for failure to exercise due diligence in pursuing his claim during the period to be tolled. Indeed, Kumar offers no reasonable explanation for why he waited over one year before filing his second motion to reopen after his initial motion was denied by the BIA on March 23, 2004

Because the BIA did not abuse its discretion in concluding that Kumar did not

establish a claim for ineffective assistance of counsel or exercise due diligence in pursuing his claim, he is not entitled to equitable relief from the dismissal of his second motion to reopen removal proceedings. Likewise, because Kumar failed to specify any error of law or fact in the BIA's denial of his second motion to reopen, the BIA did not abuse its discretion in denying his motion to reconsider. Therefore, we will deny the petitions for review.